[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2010
JOHN LEY
CLERK

No. 10-10298
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00143-JEC-LTW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee.

versus

JOSE MOLINA-MURILLO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 28, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jose Molina-Murillo appeals his 46-month sentence, which was at the low

end of his guideline range, for illegally re-entering the United States after having been convicted of an aggravated felony and removed. Molina-Murillo argues that his sentence is substantively unreasonable. For the reasons set forth below, we affirm.

## I.

Molina-Murillo pled guilty to illegally re-entering the United States after having been removed, in violation of 8 U.S.C. § 1326(a) and (b)(2). According to the presentence investigation report ("PSI"), Molina-Murillo, a native and citizen of Honduras, was arrested on January 30, 2009, on a probation violation. Molina-Murillo had previously been deported on three separate occasions—May 27, 1989, June 7, 1991, and May 20, 2003.

The PSI set Molina-Murillo's total offense level at 21. The criminal-history section of the PSI showed that Molina-Murillo received criminal-history points for a 1997 conviction for possession of cocaine base for sale and 2004 convictions for driving without a license and driving under the influence of alcohol. In 2001, Molina-Murillo was convicted of driving without a license, but he received no criminal-history points for this offense. In addition to his prior convictions, Molina-Murillo had been arrested in November 1989, for taking a vehicle without the owner's consent and receiving stolen property; in July 1994, for first degree

robbery; in July 1998, for possession of cocaine base for sale; and in August 2000, for driving under the influence, petty theft, and driving on a suspended license. Based on his prior convictions, Molina-Murillo was placed in criminal history category III, which combined with his total offense level of 21 to yield a guideline imprisonment range of 46 to 57 months.

At sentencing, Molina-Murillo asked the court to impose a sentence below the applicable guideline range, noting that, other than his prior drug conviction, the only offenses for which he received criminal-history points were convictions for driving without a license and driving under the influence. He noted that, since he had been incarcerated, he had fallen and injured his teeth, which had not been repaired and caused him pain. He also noted that he and his wife had HIV, and that he had adult children in Honduras who could support him once he was deported. Molina-Murillo personally addressed the court and stated that he came to the United States to help his children, and that he would stay in Honduras after being deported because he did not want to go through the deportation process again.

The government responded that a sentence within the applicable guideline range was appropriate, because Molina-Murillo had a history of returning to the United States and committing additional offenses shortly after being deported. It

noted that Molina-Murillo was over 40 years' old but was still committing crimes and associating with the wrong people. It contended that Molina-Murillo's actions showed a lack of respect for the law. The government also argued that Molina-Murillo's driving under the influence offense endangered the public, and that a sentence within the guideline range was necessary to protect the public from future crimes.

The court noted that, because of Molina-Murillo's HIV, dental problems, and family ties in the United States, it might have chosen to impose a sentence below the guideline range if Molina-Murillo had not been deported three times previously. It found that "the only thing that will get Mr. Molina's attention is a sentence of incarceration substantial enough, because we have tried deportation and that didn't work. We tried short sentences. That didn't work." The court also noted that "the DUI[]s and the driving without a license in their own way arguably are more dangerous to the citizens of this country maybe than the crack, because he continues to do that and that makes him a danger to the public." Based on its findings, the court imposed a sentence of 46 months' imprisonment.

## II.

In considering the substantive reasonableness of a sentence, we consider the totality of the circumstances and apply an abuse-of-discretion standard, under

4

which we reverse only if we find "that the district court has made a clear error of judgment." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in [18 U.S.C. §] 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We ordinarily expect that a sentence within the applicable guideline range is reasonable. *Id.*

"[T]he district [court] should . . . consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). The factors in § 3553(a) that the court must consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwa[rra]nted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

"[W]e may find that a district court has abused its considerable discretion if

5

it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." *Pugh*, 515 F.3d at 1191. Normally, however, the decision of how much weight to accord particular factors in devising a sentence is within the discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

## III.

Molina-Murillo's 46-month sentence, which was at the lowest point in his guideline range, is substantively reasonable in light of his prior offenses and history of illegally re-entering the United States. As the district court pointed out at sentencing, previous short sentences and removals had not deterred Molina-Murillo from continuing to violate immigration and criminal laws. The fact that Molina-Murillo had been removed from the country on three occasions indicates his unwillingness to comply with the laws of this country, as he has apparently entered the country illegally on at least four occasions. Furthermore, Molina-Murillo has been convicted of three non-immigration related offenses and arrested four additional times. Thus, based on Molina-Murillo's history, the district court did not abuse its discretion in determining that a sentence within the guideline range was necessary to promote respect for the law and provide deterrence. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B). Although Molina-Murillo

argues that his sentence will not provide general deterrence because his case has not been publicized, the district court's remarks indicate that it was primarily concerned with deterring Molina-Murillo from re-entering the United States illegally and from committing additional crimes. Finally, the need to protect the public from future crimes committed by Molina-Murillo weighs in favor of a within-range sentence, as Molina-Murillo's prior arrests and convictions for driving without a license and driving under the influence show a disregard for public safety. *See* 18 U.S.C. § 3553(a)(2)(C). Accordingly, we affirm Molina-Murillo's 46-month sentence.

**AFFIRMED.**